37558.   HILL *v.* STERLING ACCEPTANCE CORPORATION *et al.*

DECIDED MARCH 20, 1959.

*Marvin P. Nodvin,* for plaintiff in error.

*Powell, Goldstein, Frazer & Murphy, James K. Rankin, Tindall & Tindall,* contra.

FELTON, Chief Judge. The plaintiff alleges that he was defrauded by the defendants of $203.19, being the difference between $207.67, allegedly paid to defendant Sterling Discount Corporation for the use of $715.85 for a period of one month and six days, and $4.48 alleged interest charge at "bank rates" for the same period. At the outset, there is nothing in the evidence to indicate that the plaintiff paid $207.67 or any other amount for the use of $715.85, as alleged in his petition. The evidence simply shows that the plaintiff could have purchased the 1955 Oldsmobile for a cash price of $715.85, plus trade-in allowance, but chose instead to finance the purchase on a time-price basis, thereby agreeing to pay a "time-price balance" of $1,122.24, plus trade-in allowance. Construing the evidence most favorably to the plaintiff, it does indicate that this balance included a charge of $169 for insurance premiums, but there is nothing to show that any portion of the time-price balance represented a charge for the use of the cash-price amount.

The plaintiff testified that he agreed to pay twenty-four monthly instalments of $46.76 each (total $1,122.24) ; that this agreement was entered into "voluntarily"; he was "satisfied with it"; the conditional-sale contract signed by him in blank was later completed in accordance with the terms of the previous agreement; he knew it was a "title-retention contract" and understood that Clyde Owen or his transferee "would hold legal title to that automobile" while any instalments remained unpaid. The evidence is plainly insufficient to support the plaintiff's allegations that he never intended to purchase a car for a time-price but understood that the balance was $715.85, particularly since the conditional-sale contract signed by him shows on its face that it is "on a time-price basis" and makes several other references to the time-price feature.

Assuming the plaintiff's contention that he could have ob-

tained a loan of $715.85 from the First National Bank of Atlanta in August, 1957, there is no evidence to indicate what the total charges on such a loan would have been for the time in question. Mr. Overton, the only witness connected with the bank, testified that various sorts of insurance coverage were generally required in automobile loan transactions, but there is no evidence as to the amount of premiums involved and whether such premiums were required to be paid by instalments to the bank together with principal and interest. Moreover, there is no evidence as to whether the notes used by the bank in loans of this type contained any prepayment privilege. Assuming that the plaintiff might have availed himself of some customary method of prepayment, there is nothing to show the manner of computation of any rebate due upon prepayment, since the "seven-eighths method of rebating interest on loans" is not explained by the evidence.

In the final analysis, there is no evidence from which the jury could determine the alleged charges by the defendant Sterling Discount Corporation or the difference between these alleged charges and any possible charges by the First National Bank of Atlanta or other banking institution. It is unnecessary to consider the sufficiency of evidence relating to the alleged conspiracy or to any other matters, since, for the reasons stated, the evidence was insufficient to support the material and necessary allegations of loss to the plaintiff. *Henderson* v. *Nolting First Mortgage Corp.*, 186 *Ga.* 831 (199 S. E. 103).

The court properly ordered a nonsuit.

*Judgments affirmed. Quillian and Nichols, JJ., concur.*